FILED
2024 JAN 18 09:08 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-2-01199-4 SEA

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
FOR KING COUNTY

| | | |
|---|---|---|
| KENDRA ALZATE, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| v. | ) | |
| | ) | **COMPLAINT FOR DAMAGES** |
| CONAGRA BRANDS INC., a Delaware | ) | |
| corporation doing business in the state of | ) | |
| Washington; DS CONTAINERS, INC., | ) | |
| a Delaware corporation doing business in the | ) | |
| state of Washington; WALMART, INC., a | ) | |
| Delaware corporation doing business in the | ) | |
| state of Washington; JOHN DOE | ) | |
| MANUFACTURERS I-III; and | ) | |
| JOHN DOE DISTRIBUTORS I-III; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

NOW COMES Plaintiff, by and through her counsel, and alleges her Complaint for Damages as follows:

## I.   PARTIES

1.1    Plaintiff Kendra Alzate was severely injured by an exploding canister of Reddi-Wip canned topping which was sold by Walmart, Inc. The contents and container components of the subject Reddi-Wip can were manufactured by Conagra Brands, Inc., DS

**COMPLAINT FOR DAMAGES - 1**

GLP Attorneys, P.S., Inc.
115 N. Washington, Third Floor
Spokane, WA 99201
Telephone: (509) 455-3636
Facsimile: (509) 321-7459

Ex. B - Page 3

Containers, Inc., and John Doe Manufacturers I-III. The Reddi-Wip can was transported, loaded, and or unloaded by John Doe Distributors I-III.

1.2    Plaintiff Kendra Alzate was a resident of Spokane, Washington, at all times relevant and material to this Complaint. Plaintiff Kendra Alzate currently resides in the State of Missouri.

1.3    Defendant Conagra Brands, Inc. (hereinafter "Conagra"), on information and belief, is a Delaware Corporation who does and did business in King County, Washington, at all times relevant and material to this complaint. Defendant Conagra Brands, Inc.'s registered agent for service of process is CT Corporation System, 711 Capitol Way S, Suite 204, Olympia, WA 98501-1267.

1.4    Defendant DS Containers, Inc. (hereinafter "DS Containers"), on information and belief, is a Delaware Corporation who does and did business in King County, Washington, at all times relevant and material to this complaint. Defendant DS Containers, Inc.'s agent for service of process is Kyle Saltijeral, 1789 Hubbard Avenue, Batavia, IL 60510.

1.5    Defendant Walmart, Inc. (hereinafter "Walmart"), on information and belief, is a Delaware Corporation who does and did business in King County, Washington, at all times relevant and material to this complaint. Defendant Walmart, Inc.'s registered agent for service of process is CT Corporation System, 711 Capitol Way S, Suite 204, Olympia, WA 98501-1267.

**COMPLAINT FOR DAMAGES - 2**

GLP Attorneys, P.S., Inc.
115 N. Washington, Third Floor
Spokane, WA 99201
Telephone: (509) 455-3636
Facsimile: (509) 321-7459

1.6     Defendant Conagra Brands, Inc., is a Delaware Corporation and does business as "Conagra," with its principal mailing office address located at Eleven Conagra Drive, 11-260, Omaha, NE 68102.

1.7     Defendant DS Containers, Inc., is a Delaware Corporation and does business as "DS Containers," with its principal mailing office address located at 1789 Hubbard Avenue, Batavia, IL 60510.

1.8     Defendant Walmart, Inc., is a Delaware Corporation and does business as "Walmart," with its principal mailing office address located at 702 SW 8th Street, Bentonville, AR, 72716. The Walmart at which Plaintiff sustained injury was store #5883, located at 502 E. Sprague Avenue, Spokane Valley, WA 99212. Additionally, Defendant Walmart, Inc., does and did business in King County, Washington.

1.9     Defendant John Doe Manufacturers I-III, on information and belief, were manufacturing business entities engaged in business with Washington State and were engaged in the business of manufacturing, designing, testing, inspecting, developing, and producing containers and components for the pressurized canisters used to contain food substances, including Reddi-Wip products. Products utilizing these components and canisters are sold throughout retail stores in the United States, including retailers in Washington State and King County.

1.10    Defendant John Doe Distributors I-III, on information and belief, were distribution business entities engaged in business within Washington State and King County, and were responsible for the loading, unloading, and transportation of products,

**COMPLAINT FOR DAMAGES - 3**

GLP Attorneys, P.S., Inc.
115 N. Washington, Third Floor
Spokane, WA 99201
Telephone: (509) 455-3636
Facsimile: (509) 321-7459

including the subject Reddi-Wip canister, to and from the Walmart where the incident occurred.

1.11    At all times relevant and material to this Complaint, Defendant Conagra was engaged in the business of manufacturing, designing, testing, inspecting, developing, producing, distributing, marketing, advertising, and selling Reddi-Wip canned and whipped topping products. These products are sold in Washington State through Defendant Conagra's national chain of distribution, including any subsidiary companies, and through retail stores throughout the United States including retailers in Washington State and King County.

1.12    At all times relevant and material to this Complaint, Defendant DS Containers was engaged in the business of manufacturing, designing, testing, inspecting, developing, and producing containers and components for the pressurized canisters used to contain food substances, including Reddi-Wip products. Products utilizing these components and canisters are sold throughout retail stores in the United States, including retailers in Washington State and King County.

1.13    At all times relevant and material to this Complaint, Defendant Walmart was engaged in the business of selling and distributing consumer whipped topping food products, including Reddi-Wip canned whipped topping products.

1.14    At all times relevant and material to this Complaint, Defendant John Doe Manufacturers I-III were engaged in the business of manufacturing, designing, testing, inspecting, developing, and producing containers and components for the pressurized canisters used to contain food substances, including Reddi-Wip products. Products

**COMPLAINT FOR DAMAGES - 4**

GLP Attorneys, P.S., Inc.
115 N. Washington, Third Floor
Spokane, WA 99201
Telephone: (509) 455-3636
Facsimile: (509) 321-7459

utilizing these components and canisters are sold throughout retail stores in the United States, including retailers in Washington State and King County.

1.15    At all times relevant and material to this Complaint, Defendant John Doe Distributors I-III were engaged in the business of loading, unloading, and transporting goods to and from the subject Walmart, including the subject Reddi-Wip canister within Washington State and King County.

## II.    JURISDICTION AND VENUE

2.1    The Superior Court of King County, State of Washington, has subject matter jurisdiction over this action pursuant to RCW 2.08.010.

2.2    Jurisdiction is proper in the State of Washington because the cause of action as alleged herein arose out of activities (to wit, the transaction of business within this State and/or the commission of a tortious act within this State) within the State of Washington. RCW 4.28.185.

2.3    Venue is proper in King County pursuant to RCW 4.12.025 because Defendants Conagra, DS Containers, and Walmart transact business in King County, Washington.

2.4    Defendants Conagra, DS Containers, and Walmart all have sufficient minimum contacts with the State of Washington, and they have purposely availed themselves of the privileges and benefits of doing business in Washington, including King County, Washington.

**COMPLAINT FOR DAMAGES - 5**

GLP Attorneys, P.S., Inc.
115 N. Washington, Third Floor
Spokane, WA 99201
Telephone: (509) 455-3636
Facsimile: (509) 321-7459

2.5     Defendants Conagra and DS Containers designed, developed, manufactured, and produced Reddi-Wip and its containers which were distributed and sold to consumers, retailers, and distributors in the state of Washington, including King County, Washington.

2.6     Defendants Conagra, DS Containers, and Walmart are personally subject to specific jurisdiction in this Court for the following reasons:

    a.     Because Defendants Conagra, DS Containers, and Walmart are subject to the Washington long-arm statute by doing business in Washington, by contracting with Washington residents, by performing such contracts in part in Washington, and by committing torts where one or more elements of the tort or one or more of the tortious acts occurred in Washington;

    b.     Because the episode-in-suit which serves as the basis of the claims against Conagra, DS Containers, and Walmart related to their conduct;

    c.     Because Conagra, DS Containers, and Walmart participated in placing the subject can of Reddi-Wip into the stream of commerce;

    d.     Because Defendants Conagra, DS Containers, and Walmart expected and intended that the Reddi-Wip can at issue would be sold and used in Washington;

    e.     Because key elements of the episode-in-suit occurred in Washington;

    f.     Because Conagra, DS Containers, and Walmart have purposely availed themselves of the benefits of doing business in Washington;

**COMPLAINT FOR DAMAGES - 6**

GLP Attorneys, P.S., Inc.
115 N. Washington, Third Floor
Spokane, WA 99201
Telephone: (509) 455-3636
Facsimile: (509) 321-7459

g.  Because Conagra, DS Containers, and Walmart's contacts with Washington principally relate to the placement of Reddi-Wip products into the stream of commerce, and this civil action is directly related to and associated with the placement of Reddi-Wip products into the stream of commerce in Washington;

h.  Because due process, fair play, and substantial justice are honored by this civil action going forward in King County Superior Court in the state of Washington;

i.  Because there is little or no burden on Defendants Conagra, DS Containers, or Walmart in litigating this case in this Washington Court;

j.  Because it would be a tremendous burden and would cause great inefficiency and unnecessary delay to Plaintiff to litigate this case in another forum;

k.  Because Washington has an interest in overseeing this litigation which involves injuries to a Washington resident, tortious transactions which occurred in Washington and defective products sold in Washington;

l.  Because public policy favors resolution of this dispute in this Washington Court; and

m.  Because Defendant Conagra, DS Containers, and Walmart's conduct and connection with Washington State are such that they should

**COMPLAINT FOR DAMAGES - 7**

GLP Attorneys, P.S., Inc.
115 N. Washington, Third Floor
Spokane, WA 99201
Telephone: (509) 455-3636
Facsimile: (509) 321-7459

reasonably anticipate being hailed into court in Washington.

2.7    Defendants Conagra, DS Containers, and Walmart cannot deny personal jurisdiction:

a.    Because Defendants Conagra, DS Containers, and Walmart placed the Reddi-Wip product at issue into the stream of commerce in Washington;

b.    Because Defendant Conagra maintains an active and interactive website where it can exchange information with Washington residents (https://www.conagrabrands.com/);

c.    Because Defendant DS Containers maintains an active and interactive website where it can exchange information with Washington residents (https://dscontainers.com/);

d.    Because Defendant Walmart maintains an active and interactive website where it can exchange information with Washington residents, where Washington residents can purchase products online, and where Defendant Walmart directs Washington residents to local retail locations (https://www.walmart.com);

e.    Because Defendants Conagra, DS Containers, and Walmart have a regular plan for the distribution of their products within Washington with the goal of achieving a commercial benefit from the sale of those products in Washington; and

f.    Because Defendants Conagra, DS Containers, and Walmart place

**COMPLAINT FOR DAMAGES - 8**

GLP Attorneys, P.S., Inc.
115 N. Washington, Third Floor
Spokane, WA 99201
Telephone: (509) 455-3636
Facsimile: (509) 321-7459

their products into the stream of commerce in Washington by targeting Washington consumers through their own local companies, subsidiaries, and/or retail stores.

## III.    FACTS

3.1    On May 10, 2021, Plaintiff Kendra Alzate was shopping at Walmart Store #5883, located at 5025 E. Sprague Avenue, Spokane Valley, WA 99212.

3.2    While shopping, Plaintiff selected the Reddi-Wip whipped topping for her purchase and use.

3.3    Plaintiff selected two cans of Reddi-Wip from a refrigerator and placed them in her shopping cart.

3.4    Both Reddi-Wip cans slipped from Plaintiff's shopping cart and hit the floor.

3.5    One of the cans, branded Reddi-Wip Nitro, violently exploded upon impact with the floor, sending pieces of the canister into Plaintiff Kendra Alzate's face and eyes.

3.6    Ms. Alzate endured significant injuries to her face, eyelids, tear ducts, and she ultimately underwent surgical intervention and as a result suffers from permanent impairment and permanent disfigurement.

3.7    The subject can of Reddi-Wip Nitro was made available for retail sale by Walmart and had been designed and manufactured by Conagra, DS Containers, and John Doe Manufacturers I-III.

3.8    This subject can of Reddi-Wip Nitro had been transported to the subject Walmart by John Doe Distributors I-III.

**COMPLAINT FOR DAMAGES - 9**

GLP Attorneys, P.S., Inc.
115 N. Washington, Third Floor
Spokane, WA 99201
Telephone: (509) 455-3636
Facsimile: (509) 321-7459

Ex. B - Page 11

3.9    Reddi-Wip containers are required by industry standards to be subjected to extensive product testing for safety, including drop and impact tests.

3.10    Plaintiff reasonably expected that this subject can of Reddi-Wip would have been able to withstand forces within the normal and expected use by consumers, including a potential fall from a shopping cart.

3.11    There was a manufacturing defect in the subject can of Reddi-Wip which was designed, manufactured, and produced by Defendants Conagra, DS Containers, and John Doe Manufacturers I-III. In addition, John Doe Defendant Distributors I-III negligently loaded, unloaded, and/or transported the subject can of Reddi-Wip to Defendant Walmart. Also, Defendant Walmart negligently placed an unsafe product on the shelf for retail sale to consumers.

3.12    As a direct and proximate result of Defendants' manufacturing defect, negligent loading, unloading, and/or transport, and placement of an unsafe product into the stream of commerce, Plaintiff suffered extreme and permanent personal injury.

## IV.    GENERAL NEGLIGENCE

4.1    Duty:   The above named Defendants owed Plaintiff Kendra Alzate a duty to exercise ordinary and reasonable care at all times for her safety.

4.2    Breach: Defendants breached their respective duties to exercise ordinary and reasonable care as set forth herein and in other ways as may be revealed upon further investigation and discovery.

**COMPLAINT FOR DAMAGES - 10**

GLP Attorneys, P.S., Inc.
115 N. Washington, Third Floor
Spokane, WA 99201
Telephone: (509) 455-3636
Facsimile: (509) 321-7459

4.3    Proximate Cause & Damages: As a direct and proximate cause of Defendants' respective breaches of their duties, Plaintiff Kendra Alzate suffered severe and permanent injuries to her face and eye.

## V. NEGLIGENCE AND VIOLATIONS OF THE WASHINGTON PRODUCTS LIABILITY ACT, RCW 7.72 ET SEQ, BY DEFENDANT CONAGRA BRANDS, INC.

5.1    Defendant Conagra was a manufacturer and product seller within the meaning of the WPLA, RCW 7.72 et seq.

5.2    Duty: Defendant Conagra owed a duty under the WPLA and common law to design, construct, assemble, maintain, and sell the Reddi-Wip canister in a manner that would ensure that the product was reasonably safe and fit for its intended, anticipated, and foreseeable uses. These duties included a duty to engage in proper testing and inspection during and after the course of manufacture, construction, and assembly of the subject Reddi-Wip canister in question as was reasonably necessary to ensure it was reasonably safe for intended, anticipated, and foreseeable uses.

5.3    Breach: In violation of the WPLA and common law, the subject Reddi-Wip canister was defective and not reasonably safe in its design, manufacture, and assembly when it left the control of Defendant Conagra. Those defects include, but are not limited to:

(a)    The Reddi-Wip canister, including its component parts, was not reasonably safe because its design created a foreseeable and serious risk of injury;

(b)    The Reddi-Wip canister, including its component parts, was not able to withstand exposure to the ordinary and reasonable forces encountered in daily life; and

**COMPLAINT FOR DAMAGES - 11**

GLP Attorneys, P.S., Inc.
115 N. Washington, Third Floor
Spokane, WA 99201
Telephone: (509) 455-3636
Facsimile: (509) 321-7459

(c)    The Reddi-Wip canister, including its component parts, was unable to withstand a fall from a reasonable and ordinary height, and therefore caused severe injury to Kendra Alzate.

5.4    At the time the Reddi-Wip canister was manufactured, and at the time it left Conagra's control, the Reddi-Wip canister was inherently defective and likely to cause severe injury.

5.5    <u>Proximate Cause & Damages</u>: As a direct and proximate cause of Conagra's breach of duties as set forth above, Kendra Alzate suffered severe injuries.

5.6    Defendant Conagra is strictly liable for Kendra Alzate's injuries and damages because her injuries were caused by the fact that the product was not reasonably safe and did not conform to their express or implied warranties under Title 62A RCW.

5.7    As a product seller, Defendant Conagra is also liable because Kendra Alzate's injuries and damages were caused by their negligence, breach of an express warranty made by them, and/or the intentional concealment of information.

## VI. NEGLIGENCE AND VIOLATIONS OF THE WASHINGTON PRODUCTS LIABILITY ACT, RCW 7.72 ET SEQ. BY DEFENDANT DS CONTAINERS, INC.

6.1    Defendant DS Containers was a manufacturer and product seller within the meaning of the WPLA, RCW 7.72 et seq.

6.2    <u>Duty</u>: Defendant DS Containers owed a duty under the WPLA and common law to design, construct, assemble, maintain, and sell the Reddi-Wip canister in a manner that would ensure that the product was reasonably safe and fit for its intended, anticipated, and foreseeable uses. These duties included a duty to engage in proper testing and inspection during and after the course of manufacture, construction, and assembly of the subject Reddi-

**COMPLAINT FOR DAMAGES - 12**

GLP Attorneys, P.S., Inc.
115 N. Washington, Third Floor
Spokane, WA 99201
Telephone: (509) 455-3636
Facsimile: (509) 321-7459

Wip canister in question as was reasonably necessary to ensure it was reasonably safe for intended, anticipated, and foreseeable uses.

6.3    Breach: In violation of the WPLA and common law, the subject Reddi-Wip canister was defective and not reasonably safe in its design, manufacture, and assembly when it left the control of Defendant DS Containers. Those defects include, but are not limited to:

(a)    The Reddi-Wip canister, including its component parts, was not reasonably safe because its design created a foreseeable and serious risk of injury;

(b)    The Reddi-Wip canister, including its component parts, was not able to withstand exposure to the ordinary and reasonable forces encountered in daily life; and

(c)    The Reddi-Wip canister, including its component parts, was unable to withstand a fall from a reasonable and ordinary height, and therefore caused severe injury to Kendra Alzate.

6.4    At the time the Reddi-Wip canister was manufactured, and at the time it left DS Containers control, the Reddi-Wip canister was inherently defective and likely to cause severe injury.

6.5    Proximate Cause & Damages: As a direct and proximate cause of DS Containers' breach of the duties as set forth above, Kendra Alzate suffered severe injuries.

6.6    Defendant DS Containers is strictly liable for Kendra Alzate's injuries and damages because her injuries were caused by the fact that the product was not reasonably safe and did not conform to their express or implied warranties under Title 62A RCW.

**COMPLAINT FOR DAMAGES - 13**

GLP Attorneys, P.S., Inc.
115 N. Washington, Third Floor
Spokane, WA 99201
Telephone: (509) 455-3636
Facsimile: (509) 321-7459

6.7     As a product seller, Defendant DS Containers is also liable because Kendra Alzate's injuries and damages were caused by their negligence, breach of an express warranty made by them, and/or the intentional concealment of information.

### VII.    GENERAL NEGLIGENCE OF DEFENDANT WALMART

7.1     Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs as though set forth herein.

7.2     Defendant Walmart owed a duty of care to Kendra Alzate as a business invitee.

7.3     Defendant Walmart owed a duty to have reasonably safe products stocked and available for purchase within the store, which would conform to the reasonable expectations of an invitee and could withstand the forces foreseeable within daily use by invitees.

7.4     Defendant Walmart owed a duty to load, unload, and transport goods, including the subject Reddi-Wip canister, in such a manner that would ensure that the product was reasonably safe and fit for its intended, anticipated, and foreseeable use.

7.5     Breach: Defendant Walmart breached the duties owed to Kendra Alzate as set forth above in paragraphs 7.2, 7.3, and 7.4.

7.6     Proximate Cause & Damages: As a direct and proximate cause of Defendant Walmart's breach of its duties as set forth above in paragraphs 7.2 and 7.3, Kendra Alzate suffered severe and permanent injuries.

### VIII.    NEGLIGENCE OF DEFENDANTS JOHN DOE MANUFACTURERS I-III

8.1     Defendants John Doe Manufacturers I-III were manufacturers and product sellers within the meaning of the WPLA, RCW 7.72 et seq.

**COMPLAINT FOR DAMAGES - 14**

GLP Attorneys, P.S., Inc.
115 N. Washington, Third Floor
Spokane, WA 99201
Telephone: (509) 455-3636
Facsimile: (509) 321-7459

8.2     Duty: Defendant John Doe Manufacturers I-III owed a duty under the WPLA and common law to design, construct, assemble, maintain, and sell the Reddi-Wip canister in a manner that would ensure that the product was reasonably safe and fit for its intended, anticipated, and foreseeable uses. These duties included a duty to engage in proper testing and inspection during and after the course of manufacture, construction, and assembly of the subject Reddi-Wip canister in question as was reasonably necessary to ensure it was reasonably safe for intended, anticipated, and foreseeable uses.

8.3     Breach: In violation of the WPLA and common law, the subject Reddi-Wip canister was defective and not reasonably safe in its design, manufacture, and assembly when it left the control of Defendants John Doe Manufacturers I-III. Those defects include, but are not limited to:

(a)     The Reddi-Wip canister, including its component parts, was not reasonably safe because it was negligently loaded, unloaded, and or transported in such a way that it made the canister unsafe;

(b)     The Reddi-Wip canister, including its component parts, was not able to withstand exposure to the ordinary and reasonable forces encountered in daily life; and

(c)     The Reddi-Wip canister, including its component parts, was unable to withstand a fall from a reasonable and ordinary height, and therefore caused severe injury to Kendra Alzate.

8.4     At the time the Reddi-Wip canister was manufactured, and at the time it left Defendants John Doe Manufacturers I-III, the Reddi-Wip canister was inherently defective and likely to cause severe injury.

**COMPLAINT FOR DAMAGES - 15**

GLP Attorneys, P.S., Inc.
115 N. Washington, Third Floor
Spokane, WA 99201
Telephone: (509) 455-3636
Facsimile: (509) 321-7459

8.5    Proximate Cause & Damages: As a direct and proximate cause of John Doe Manufacturer I-III's breach of the duties as set forth above, Kendra Alzate suffered severe injuries.

8.6    Defendants John Doe Manufacturers I-III are strictly liable for Kendra Alzate's injuries and damages because her injuries were caused by the fact that the product was not reasonably safe and did not conform to their express or implied warranties under Title 62A RCW.

8.7    As a product seller, Defendants John Doe Manufacturers I-III are also liable because Kendra Alzate's injuries and damages were caused by their negligence, breach of an express warranty made by them, and/or the intentional concealment of information.

8.8    John Doe Manufacturers I-III will be further identified through the discovery process.

## IX.    NEGLIGENCE OF DEFENDANTS JOHN DOE DISTRIBUTORS I-III

9.1    Defendants John Doe Distributors I-III were manufacturers and product sellers within the meaning of the WPLA, RCW 7.72 et seq.

9.2    Duty: Defendants John Doe Distributors I-III owed a duty under the WPLA and common law to load, unload, and transport goods, including the subject Reddi-Wip canister, in such a manner that would ensure that the product was reasonably safe and fit for its intended, anticipated, and foreseeable use within Washington State and King County.

9.3    Breach: In violation of the WPLA and common law, the subject Reddi-Wip canister was defective and not reasonably safe in its design, manufacture, and assembly

**COMPLAINT FOR DAMAGES - 16**

GLP Attorneys, P.S., Inc.
115 N. Washington, Third Floor
Spokane, WA 99201
Telephone: (509) 455-3636
Facsimile: (509) 321-7459

when it left the control of Defendants John Doe Distributors I-III. Those defects include, but are not limited to:

    (a)    The Reddi-Wip canister, including its component parts, was not reasonably safe because it was negligently loaded, unloaded, and or transported in such a way that it made the canister unsafe;

    (b)    The Reddi-Wip canister, including its component parts, was not able to withstand exposure to the ordinary and reasonable forces encountered in daily life; and

    (c)    The Reddi-Wip canister, including its component parts, was unable to withstand a fall from a reasonable and ordinary height, and therefore caused severe injury to Kendra Alzate.

9.4    At the time the Reddi-Wip canister was manufactured, and at the time it left Defendants John Doe Distributors I-III, the Reddi-Wip canister was inherently defective and likely to cause severe injury.

9.5    <u>Proximate Cause & Damages</u>: As a direct and proximate cause of John Doe Distributors I-III's breach of duties as set forth above, Kendra Alzate suffered severe injuries.

9.6    Defendants John Doe Distributors I-III are strictly liable for Kendra Alzate's injuries and damages because her injuries were caused by the fact that the product was not reasonably safe and did not conform to their express or implied warranties under Title 62A RCW.

9.7    As a product seller, Defendants John Doe Distributors I-III are also liable because Kendra Alzate's injuries and damages were caused by their negligence, breach of an express warranty made by them, and/or the intentional concealment of information.

**COMPLAINT FOR DAMAGES - 17**

GLP Attorneys, P.S., Inc.
115 N. Washington, Third Floor
Spokane, WA 99201
Telephone: (509) 455-3636
Facsimile: (509) 321-7459

9.8    John Doe Distributors I-III will be further identified through the discovery process.

## X.    NO COMPARATIVE FAULT

10.1    Plaintiff was without negligence of any kind whatsoever and did not contribute to her damages in any way.

10.2    Plaintiff could not have reasonably anticipated the danger posed by the Reddi-Wip can as a reasonable and ordinary consumer.

## XI.    PROXIMATE CAUSE/DAMAGES – ALL DEFENDANTS

11.1    Plaintiff realleges and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

11.2    Defendants Conagra and DS Containers' actions and/or inactions were in violation of the Washington Product Liability Act and were the direct cause in fact and proximate cause of the damages Plaintiff suffered.

11.3    Defendant Walmart's negligence was the direct cause in fact and proximate cause of the damages Plaintiff suffered.

11.4    Defendants John Doe Manufacturers I-III's actions and/or inactions were in violation of the Washington Product Liability Act and were the direct cause in fact and proximate cause of the damages Plaintiff suffered.

11.5    Defendants John Doe Distributors I-III's negligence were the direct cause in fact and proximate cause of the damages Plaintiff suffered.

**COMPLAINT FOR DAMAGES - 18**

GLP Attorneys, P.S., Inc.
115 N. Washington, Third Floor
Spokane, WA 99201
Telephone: (509) 455-3636
Facsimile: (509) 321-7459

11.6    As a direct and proximate result of all Defendants' tortious conduct, Plaintiff Kendra Alzate has incurred and will continue to incur medical expenses and other out-of-pocket expenses and is entitled to fair and reasonable compensation.

11.7    As a direct and proximate result of all Defendants' tortious conduct, Plaintiff Kendra Alzate has suffered and will continue to suffer from physical pain and suffering is entitled to fair and reasonable compensation.

11.8    As a direct and proximate result of all Defendants' tortious conduct, Plaintiff Kendra Alzate has suffered and will continue to suffer from disability, disfigurement and scarring-related pain and suffering and is entitled to fair and reasonable compensation.

11.9    As a direct and proximate result of all Defendants' tortious conduct, Plaintiff Kendra Alzate has suffered and will continue to suffer from a loss of enjoyment of life, past and future disability, permanency of injury, and is entitled to fair and reasonable compensation.

11.10    As a direct and proximate result of all Defendants' tortious conduct, Plaintiff Kendra Alzate has suffered lost wages and a loss of future earning capacity.

11.11    Plaintiff Kendra Alzate is entitled to reasonable attorneys' fees.

11.12    Plaintiff is entitled to prejudgment interest on all medical and other out-of-pocket expenses directly and proximately caused by the negligence alleged in this Complaint.

11.13    Plaintiff is entitled to costs and disbursements herein.

**COMPLAINT FOR DAMAGES - 19**

GLP Attorneys, P.S., Inc.
115 N. Washington, Third Floor
Spokane, WA 99201
Telephone: (509) 455-3636
Facsimile: (509) 321-7459

## XII.    WAIVER OF PHYSICIAN/PATIENT PRIVILEGE

12.1    Plaintiff asserts the physician/patient privilege for 88 days following the filing of this Complaint. On the 89th day following the filing of this Complaint, the Plaintiff hereby waives the physician/patient privilege.

12.2    The waiver is conditioned and limited as follows: (1) The Plaintiff does not waive her constitutional right of privacy; (2) The Plaintiff does not authorize contact with any of her health care providers except by judicial proceeding authorized by the Rules of Civil Procedure; (3) Defendants' Representatives are specifically instructed not to attempt ex parte contacts with Plaintiff's health care providers; and (4) Defendants' Representatives are specifically instructed not to write letters to Plaintiff's health care providers telling them that they may mail copies of records to the Defendants.

In the case of Loudon v. Mhyre, 110 Wn.2d 675, 756 P.2d 138 (1988), the Supreme Court dealt very simply with the issue of ex parte contact with the Plaintiff's physicians:

> The issue presented is whether defense counsel in a personal injury action may communicate ex parte with the Plaintiff's treating physicians when the Plaintiff has waived the physician/patient privilege. We hold that defense counsel may not engage in ex parte contact, but is limited to the formal discovery methods provided by court rule. Id, at 675-676, 756 P.2d at 139.

## XIII.   RELIEF SOUGHT

WHEREFORE, Plaintiffs pray for relief as follows:

13.1    For award and entry of judgment against Defendants for all actual damages, including past and future compensatory damages, economic damages, non-economic damages, special damages, general damages, and for pre-judgment interest on liquidated amounts as allowed by law;

**COMPLAINT FOR DAMAGES - 20**

GLP Attorneys, P.S., Inc.
115 N. Washington, Third Floor
Spokane, WA 99201
Telephone: (509) 455-3636
Facsimile: (509) 321-7459

13.2  Plaintiff reserves the right to seek punitive damages;

13.3  For award and entry of judgment against Defendants for all costs, litigation expenses, and reasonable attorneys' fees as allowed by law; and

13.4  For such further relief this Court deems just and equitable.

DATED this ___18___ day of January, 2024.

GLP ATTORNEYS, P.S., INC.

_/s/ Roger J. Ermola_
Roger J. Ermola, WSBA #46228
Attorney for Plaintiff Kendra Alzate

_/s/ Jonathan C. Yousling_
Jonathan C. Yousling, WSBA #44638
Attorney for Plaintiff Kendra Alzate

**COMPLAINT FOR DAMAGES - 21**

GLP Attorneys, P.S., Inc.
115 N. Washington, Third Floor
Spokane, WA 99201
Telephone: (509) 455-3636
Facsimile: (509) 321-7459

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| KENDRA ALZATE, an individual,<br><br>        Plaintiff,<br><br>     v.<br><br>CONAGRA BRANDS INC., a Delaware corporation doing business in the state of Washington; DS CONTAINERS, INC., a Delaware corporation doing business in the state of Washington; WALMART, INC., a Delaware corporation doing business in the state of Washington; JOHN DOE MANUFACTURERS I-III; and JOHN DOE DISTRIBUTORS I-III.<br><br>        Defendants. | NO. 24-2-01199-4 SEA<br><br>NOTICE OF APPEARANCE OF DEFENDANT WALMART INC<br><br>*(Clerk's Action Required)* |

TO:       CLERK OF THE COURT

AND TO:   COUNSEL OF RECORD

PLEASE TAKE NOTICE that Defendant WALMART INC., without waiving objections as to improper service, venue, or jurisdiction, hereby appears in the above-entitled cause by and through its attorneys, Williams, Kastner & Gibbs, PLLC, and requests that all further papers and pleadings herein, exclusive of original process, be served on the undersigned attorneys at the following address:

//

//

NOTICE OF APPEARANCE OF DEFENDANT WALMART INC - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7851779.1

Rodney L. Umberger, WSBA #24948
Eddy Silverman, WSBA #53494
Xavier J. Gardner, WSBA #60160
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
rumberger@williamskastner.com
esilverman@williamskastner.com
xgardner@williamskastner.com

DATED this _____ day of February 2024.

*s/Eddy Silverman*
Rodney L. Umberger, Jr., WSBA #24948
Eddy Silverman, WSBA #53494
Xavier J. Gardner, WSBA #60160
Attorneys for Defendant Walmart Inc.
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
rumberger@williamskastner.com
esilverman@williamskastner.com
xgardner@williamskastner.com

**NOTICE OF APPEARANCE** OF DEFENDANT WALMART INC -
2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7851779.1

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington that they caused a true and correct copy of the foregoing to be served on the parties and in the manner stated below:

| | |
|---|---|
| GLP ATTORNEYS PS INC<br>Roger J. Ermola, WSBA #46228<br>Jonathan C. Yousling, WSBA #44638<br>115 N. Washington, Third Floor<br>Spokane, WA 99201<br>Phone: (509) 455-3636<br>Fax:    (509) 321-7459<br>Email: rermola@glpattorneys.com<br>           jyousling@glpattorneys.com<br><br>*Counsel for Plaintiff Kenda Alzate* | Via Email and US Mail |

DATED this _____ day of February 2024

s/_____
Alison Roberts, Legal Assistant
aroberts@williamskastner.com

**NOTICE OF APPEARANCE** OF DEFENDANT WALMART INC - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7851779.1

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| KENDRA ALZATE, an individual, | NO. 24-2-01199-4 SEA |
| Plaintiff, | NOTICE OF APPEARANCE OF DEFENDANT CONAGRA BRANDS INC. |
| v. | ***(Clerk's Action Required)*** |
| CONAGRA BRANDS INC., a Delaware corporation doing business in the state of Washington; DS CONTAINERS, INC., a Delaware corporation doing business in the state of Washington; WALMART, INC., a Delaware corporation doing business in the state of Washington; JOHN DOE MANUFACTURERS I-III; and JOHN DOE DISTRIBUTORS I-III. | |
| Defendants. | |

TO:        CLERK OF THE COURT

AND TO:    COUNSEL OF RECORD

PLEASE TAKE NOTICE that Defendant CONAGRA BRANDS INC., without waiving objections as to improper service, venue, or jurisdiction, hereby appears in the above-entitled cause by and through its attorneys, Williams, Kastner & Gibbs, PLLC, and requests that all further papers and pleadings herein, exclusive of original process, be served on the undersigned attorneys at the following address:

//

//

NOTICE OF APPEARANCE OF DEFENDANT CONAGRA
BRANDS INC. - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7852774.1

Dana C. Kopij, #31648
Eddy Silverman, WSBA #53494
Xavier J. Gardner, WSBA #60160
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
dkopij@williamskastner.com
esilverman@williamskastner.com
xgardner@williamskastner.com

DATED this 14th day of February, 2024.

s/Eddy Silverman
Dana C. Kopij, WSBA #31648
Eddy Silverman, WSBA #53494
Xavier J. Gardner, WSBA #60160
Attorneys for Defendant Walmart Inc.
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
dkopij@williamskastner.com
esilverman@williamskastner.com
xgardner@williamskastner.com

**NOTICE OF APPEARANCE** OF DEFENDANT CONAGRA
BRANDS INC. - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7852774.1

**CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the State of Washington that they caused a true and correct copy of the foregoing to be served on the parties and in the manner stated below:

| GLP ATTORNEYS PS INC<br>Roger J. Ermola, WSBA #46228<br>Jonathan C. Yousling, WSBA #44638<br>115 N. Washington, Third Floor<br>Spokane, WA 99201<br>Phone: (509) 455-3636<br>Fax:    (509) 321-7459<br>Email: rermola@glpattorneys.com<br>            jyousling@glpattorneys.com<br><br>***Counsel for Plaintiff Kendra Alzate*** | Via Email and US Mail |

DATED this 14th day of February 2024

*s/ Alison Roberts*
Alison Roberts, Legal Assistant
aroberts@williamskastner.com

**NOTICE OF APPEARANCE** OF DEFENDANT CONAGRA BRANDS INC. - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7852774.1

FILED
2024 JAN 18 09:08 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-2-01199-4 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| Alzate | No. 24-2-01199-4  SEA |
| VS | **ORDER SETTING CIVIL CASE SCHEDULE** |
| Conagra Brands Inc. | **ASSIGNED JUDGE: Nicole Gaines-Phelps, Dept. 14**<br>FILED DATE: 01/18/2024<br>TRIAL DATE:01/21/2025 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

**I.  NOTICES**

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the *Summons and Complaint/Petition.*  Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion.  The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

 Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $250 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $400 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

 **King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
|  | Case Filed and Schedule Issued. | 01/18/2024 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$250 arbitration fee must be paid** | 06/27/2024 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [*See KCLCR 4.2(a) and Notices on Page 2*]. | 06/27/2024 |
|  | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 07/11/2024 |
|  | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 08/20/2024 |
|  | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 10/01/2024 |
|  | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 10/15/2024 |
|  | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 10/15/2024 |
|  | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 12/03/2024 |
|  | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 12/24/2024 |
|  | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 12/31/2024 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 12/31/2024 |
|  | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 01/07/2025 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 01/14/2025 |
|  | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 01/14/2025 |
|  | Trial Date [*See KCLCR 40*]. | 01/21/2025 |

*The \* indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.


DATED:    01/18/2024

_Teta Shah_

_____
PRESIDING JUDGE

**IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE**

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule.  The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**  If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**  Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:**  Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court.  Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand.  Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held.  FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial**
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court.  The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:**  All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge.  The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules.  Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:**  These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered.  All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements.

Civil Attachment (CV-ATTACH)
Rev. 07/21/2023

Ex. B - Page 33

Rather than noting a time of day, the Note for Motion should state "Without Oral Argument."  Local Civil Rule 7 governs these motions, which include discovery motions.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar.  Local Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time.  However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule.  In addition,  discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B.  Original Documents/Working Copies/ Filing of Documents:  All original documents must be filed with the Clerk's Office.**  Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.  Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application.  Pre-registration to accept e-service is required.  E-Service generates a record of service document that can be e-filed.  Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  **Do not file the original of the proposed order with the Clerk of the Court**.   Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.  The court may distribute orders electronically.  Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions.  If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the  Ex Parte and Probate Department.**  Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department.  **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**

Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

***IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.***

_____
PRESIDING JUDGE